**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

**Karen Campbell,**

Plaintiff,

v.

**Seagate Technology, LLC,**

Defendant.

---

**COURT FILE NO. 01-CV-1049 MJD/JGL**

**PROTECTIVE ORDER**

The above-entitled matter was presented before the undersigned on _________, 2002. Appearances of counsel were duly noted.

Based upon all the files, records and proceedings herein, including arguments of counsel,

IT IS HEREBY ORDERED:

1. Until further order of this Court or Stipulation by Seagate Technology, LLC ("Seagate") and Karen Campbell ("Campbell"), discovery in this action shall be subject to this Protective Order.

2. All "confidential information" produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation.

3. "Confidential information" as used herein means any type or classification of information which is designated herein as confidential, whether it be a document, information contained in a document, information revealed during a deposition,

MAR 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

information revealed in an answer to an interrogatory, information obtained through subpoena from any source or otherwise.

4. "Confidential information" shall not be disclosed to any person except counsel for the parties, their respective staffs, parties to the action, witnesses, known or prospective, and experts retained for this action. All persons to whom counsel discloses any "confidential information" shall, before receiving such disclosure, be furnished a copy of this Protective Order, be instructed by counsel that such information must be kept confidential and be used only in preparation for pretrial and trial of this action, and sign the "Agreement To Be Bound By Protective Order," a copy of which is attached hereto as Exhibit A. However, nothing contained herein shall prohibit or preclude any person from testifying under oath in any depositions, hearing or trial in this action regardless of whether such testimony is based on or related to information that became known to the person testifying by virtue of the dissemination of the "confidential information" as referred to herein.

5. "Confidential information" shall include information, whether contained in documents, testimony or otherwise, that pertains to or includes any proprietary or trade secret information, including the personnel files, payroll documents or other information relating to Seagate, and all financial data of any nature whatsoever concerning Seagate. "Confidential information" shall also include information, whether contained in documents, testimony or otherwise, that pertains to Campbell's medical and/or psychological condition. The burden of designating any document, testimony or other information deemed "confidential" shall be on the party asserting the same. Thus, any

information a party seeks to keep "confidential" must be designated as such by the party.

6. The inadvertent or unintended disclosure by the supplying party of "confidential information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party by the supplying party's claim of confidentiality.

7. There shall be no reproduction whatsoever of "confidential information" except as required in this litigation. Copies, excerpts, or summaries of "confidential information" may be shown or given to those authorized to receive "confidential information" pursuant to this Protective Order, and this Protective Order applies in full to any such copies, excerpts, or summaries.

8. Within sixty (60) days of the final termination of this action, including all appeals, counsel for the parties shall be responsible for returning to the supplying party (Seagate and/or Campbell) all "confidential information," including originals, copies, excerpts, summaries or other materials derived from such information (but specifically excluding deposition transcripts, deposition summaries, and material subject to the protection of the work-product doctrine) that is in the possession, custody and/or control of the counsel, the party and /or anyone to whom such information was provided pursuant to this Protective Order.

9. The "Confidential information" shall remain confidential after the termination or conclusion of this action and may not be used in any other matter or for any other purpose without the prior written consent of Seagate or Campbell.

10. The obligations set forth in this Protective Order shall not only be in force for the period of this litigation, but shall remain in effect subsequent to its termination so as to protect the confidentiality of the discovery.

Dated: March 22, 2002

JONATHAN LEBEDOFF
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order entered in Karen Campbell vs. Seagate Technologies, LLC., Civil No 01-CV-1049 MJD/JGL which is attached hereto as Exhibit 1, has read this Stipulation and Protective Order, and agrees to be bound by all of the provisions therein.

______________________________

Dated:____________________

Subscribed and sworn to before me

this ____ day of ___________, 2002.

________________________________
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

**Karen Campbell,**

Plaintiff,

v.

**Seagate Technology, LLC,**

Defendant.

**COURT FILE NO. 01-CV-1049 MJD/JGL**

**STIPULATION FOR PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by and through their respective counsel, that all discovery conducted in this action be subject to a protective order in the form attached hereto as Exhibit "A".

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation together with a protective order in the form attached hereto as Exhibit "A" may be presented to the Court for entry without hearing or appearance by counsel.

GREGG M. CORWIN & ASSOCIATES
LAW OFFICE P.C.

By: Gregg M Corwin
GREGG M. CORWIN #19033
AMANDA R. CEFALU #309436
Attorneys for Plaintiff
508 East Parkdale Plaza Building
1660 South Highway 100
St. Louis Park, MN 55416
(952) 544-7774

Dated: 03/13/02

MOSS & BARNETT
a Professional Association

By: LePhan
JAMES F. BALDWIN #149263
H. LE PHAN #274008
Attorneys for Defendant
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-4129
(612) 347-0300

Dated: 3/19/02

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.